# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL DUKES,<br><br>        Plaintiff,<br><br>   vs.<br><br>K. HARRINGTON, et al.,<br><br>        Defendants. | 1:12cv00941 DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIM<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Darnell Dukes ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on June 11, 2012.[1] Plaintiff names Kern Valley State Prison ("KVSP") Warden K. Harrington, Correctional Officer C. Garcia and Inmate Appeals Coordinator E. Borrero as Defendants.

A.   **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 2, 2012.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at KVSP, where the events at issue occurred.

Plaintiff alleges that in June 2010, while he was housed at California State Prison, Los Angeles County ("CSP-LAC"), he received a false Rules Violation Report ("RVR"). The RVR resulted in his transfer to KVSP, which Plaintiff contends is a much harsher environment than CSP-LAC.

Plaintiff arrived at KVSP in April 2011. Shortly thereafter, he received an order from the Chief Inmate Appeals Office dated June 16, 2011. The order requested that Plaintiff forward a copy of his general chrono and classification chrono. To obtain the documents, Plaintiff sent an "inmate request for interview" to Defendant Garcia, Plaintiff's assigned counselor. Plaintiff had staff sign and date the request and deliver it to Defendant Garcia. Defendant Garcia did not respond or send Plaintiff the documents. Plaintiff therefore filed an inmate grievance against him.

Plaintiff alleges that on October 18, 2011, Defendant Garcia came to his cell and yelled, "Here's your shit, don't fuck with me anymore." Compl. 6.

On October 29, 2011, Plaintiff had a rehearing on the June 2010 RVR. The RVR was dismissed. Plaintiff informed Defendant Garcia of the program review changes that he was now entitled to through an "inmate request for interview" dated November 17, 2011. The form indicates that staff hand-delivered it to Defendant Garcia on November 17, 2011. Plaintiff states that staff signed and dated the document and delivered it to Defendant Garcia.

On November 28, 2011, Plaintiff filed another inmate grievance against Defendant Garcia. Plaintiff believes that he no longer fits the criteria for incarceration at KVSP, and he alleges that Defendant Garcia retaliated against him by failing to take Plaintiff to the Institutional Classification Committee for program review and potential transfer.

Plaintiff alleges that Defendant Borrero acted in concert with Defendant Garcia in retaliating against Plaintiff by improperly screening out his valid inmate grievance. He also alleges that Defendant Harrington acted in concert by failing to act once Plaintiff sent him a letter explaining the misconduct of Defendants Garcia and Borrero.

Based on these facts, Plaintiff alleges (1) retaliation in violation of the First Amendment; (2) violation of the Fourteenth Amendment; and (3) cruel and unusual punishment in violation of the Eighth Amendment.[2]

**C.   ANALYSIS**

    1.    <u>Defendant Harrington</u>

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of <u>respondeat superior</u>. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff attempts to allege liability against Defendant Harrington based on a letter he wrote to Defendant Harrington. However, simply sending a letter does not support a

---

[2] The Court notes that Plaintiff concedes that he has not appealed his claims to the highest administrative level. However, he alleges that Defendant Borrero prevented him from doing so with his incorrect screenings. Accordingly, the Court will not dismiss for failure to exhaust at this time. See eg. <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 823 (9th Cir. 2010) ("improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA.").

presumption of knowledge.  Pursuant to Iqbal, Plaintiff must affirmatively allege that Defendant Harrington received the letter and knew of its contents.  He therefore fails to state any claims against Defendant Harrington.

2. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff alleges that Defendant Garcia retaliated against him for filing a grievance related to his failure to provide requested documents.  Specifically, he contends that Defendant Garcia refused to take Plaintiff to the Inmate Classification Committee for potential transfer.  The Court finds that Plaintiff states a First Amendment claim against Defendant Garcia.

Plaintiff further alleges that Defendant Borrero retaliated against him by improperly screening out an inmate grievance.  According to Plaintiff, Defendant Borrero is a good friend of Defendant Garcia and "acted in concert" to retaliate against him for his prior grievance against Defendant Garcia.  Compl. 7.

His allegations are too vague, however, to support a finding that Defendant Borrero improperly screened his grievance *because of* Plaintiff's complaint against *Defendant Garcia*. Other than stating that they acted in concert and are good friends, Plaintiff provides no allegations to support a sufficient causal connection. A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806.

Plaintiff therefore fails to state a claim for retaliation against Defendant Borrero.

3.    Fourteenth Amendment

Plaintiff's due process claims are based on Defendant Garcia's alleged knowledge that Plaintiff should be placed on the transfer list and his alleged refusal to follow related CDCR policy. However, prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). Accordingly, there can be no attached due process rights and Plaintiff fails to state a claim against Defendant Garcia under the Fourteenth Amendment.

Plaintiff's due process claim against Defendant Borrero is based on his alleged obstruction of justice by improperly screening Plaintiff's grievance. Because there is no constitutionally protected right to a prison grievance process, the failure to properly process Plaintiff's grievances does not state a claim for denial of due process, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001), or for interference with Plaintiff's right to seek

redress, Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009).[3]

For these reasons, Plaintiff fails to state a claim against Defendants Garcia and Borrero under the Fourteenth Amendment.

    4.      Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels,

---

[3] To the extent Plaintiff may believe the refusal to process his appeals gives rise to a viable claim for denial of access to the courts, Plaintiff is incorrect. Such a claim accrues only when an inmate suffers an actual injury, and speculation that the inability to pursue an appeal will lead to a future litigation injury is insufficient. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 528 U.S. at 351; Phillips, 588 F.3d at 655.

554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations do not give rise to a claim under the Eighth Amendment. He alleges that Defendant Garcia's and Borrero's actions exposed him to inhumane conditions of confinement, but the conditions that he complains of are normal occurrences of prison life. He cites "harsh and dangerous conditions such as the ongoing violence and lock downs," and while Plaintiff may perceive conditions at KVSP to be inhumane, the do not create a substantial risk of harm as defined by the Eighth Amendment.   Compl. 10.

Plaintiff has failed to allege that Defendants were deliberately indifferent to a substantial risk of harm to his health or safety and has therefore failed to state a claim against them under the Eighth Amendment

## D. **CONCLUSION AND ORDER**

Plaintiff's complaint states a cognizable claim against Defendant Garcia for retaliation in violation of the First Amendment. It does not state any other claims against any other Defendants. Plaintiff may either (1) proceed on his cognizable claim, identified above, or (2) file an amended complaint curing the deficiencies identified in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff files an amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Further, Plaintiff is notified that his amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

If Plaintiff is willing to proceed on his cognizable claim, he may notify the Court in writing. The Court will then dismiss Plaintiff's other claims and Defendants, and provide Plaintiff with further instructions regarding service of a summons and the complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the cognizable claim identified above.

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **March 12, 2013**　　　　　　　　　/s/ *Dennis L. Beck*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE