1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 DARNELL DUKES, | ) Case No.: 1:12cv00941 LJO DLB (PC) |
| 12 Plaintiff, | ) |
| 13 v. | ) FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO |
| 14 GARCIA, | ) DISMISS |
| 15 Defendant. | ) (Document 27) |
| 16 | ) |

17       Plaintiff Darnell Dukes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis,

18  filed this civil rights action on June 11, 2012.  This action is proceeding on a First Amendment

19  retaliation claim against Defendant Garcia.  All other claims and Defendants have been dismissed.

20       On October 2, 2013, Defendant filed an unenumerated Rule 12(b) Motion to Dismiss based on

21  exhaustion.  Plaintiff filed his opposition on October 28, 2013, and Defendant filed his reply on

22  November 7, 2013.  The motion is deemed submitted pursuant to Local Rule 230(l).

23  **A.      LEGAL STANDARD**

24       Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with

25  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

26  in any jail, prison, or other correctional facility until such administrative remedies as are available are

27  exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative

28  remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v.

1

1   Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief

2   sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.

3   731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison

4   life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).  An administrative grievance must

5   alert the prison to the nature of the wrong for which redress is sought.  Griffin v. Arpaio, 557 F.3d

6   1117, 1120 (9th Cir. 2009).

7        The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under

8   which the defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549

9   U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject

10  to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the

11  pleadings and decide disputed issues of fact.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012);

12  Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20.  If the Court

13  concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones,

14  549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

15  **B.        APPEALS PROCESS**

16        The California Department of Corrections and Rehabilitation has an administrative grievance

17  system for prisoners to appeal any departmental decision, action, condition, or policy having an

18  adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  During the relevant times, an

19  inmate is not required to seek resolution at the informal level, but they must continue to secure review

20  at all three formal levels of review, culminating in a third-level decision.  Cal. Code Regs. tit. 15, §

21  3084.7.  In order to satisfy section 1997e(a), California state prisoners are required to use this process

22  to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378

23  (2006); McKinney, 311 F.3d at 1199-1201.

24

25

26

27

28

1

**C.      PLAINTIFF'S ALLEGATIONS[1]**

2

Plaintiff is currently incarcerated at KVSP, where the events at issue occurred.

3

Plaintiff alleges that in June 2010, while he was housed at California State Prison, Los Angeles

4

County ("CSP-LAC"), he received a false Rules Violation Report ("RVR").  The RVR resulted in his

5

transfer to KVSP, which Plaintiff contends is a much harsher environment than CSP-LAC.

6

Plaintiff arrived at KVSP in April 2011.  Shortly thereafter, he received an order from the

7

Chief Inmate Appeals Office dated June 16, 2011.  The order requested that Plaintiff forward a copy

8

of his general chrono and classification chrono.  To obtain the documents, Plaintiff sent an "inmate

9

request for interview" to Defendant Garcia, Plaintiff's assigned counselor.  Plaintiff had staff sign and

10

date the request and deliver it to Defendant Garcia.  Defendant Garcia did not respond or send Plaintiff

11

the documents.  Plaintiff therefore filed an inmate grievance against him.

12

Plaintiff alleges that on October 18, 2011, Defendant Garcia came to his cell and yelled,

13

"Here's your shit, don't fuck with me anymore."  Compl. 6.

14

On October 29, 2011, Plaintiff had a rehearing on the June 2010 RVR.  The RVR was

15

dismissed.  Plaintiff informed Defendant Garcia of the program review changes that he was now

16

entitled to through an "inmate request for interview" dated November 17, 2011.  The form indicates

17

that staff hand-delivered it to Defendant Garcia on November 17, 2011.  Plaintiff states that staff

18

signed and dated the document and delivered it to Defendant Garcia.

19

On November 28, 2011, Plaintiff filed another inmate grievance against Defendant Garcia.

20

Plaintiff believed that he no longer fit the criteria for incarceration at KVSP, and he alleges that

21

Defendant Garcia retaliated against him by failing to take Plaintiff to the Institutional Classification

22

Committee for program review and potential transfer.

23

Plaintiff alleges that Officer Borrero acted in concert with Defendant Garcia in retaliating

24

against him by improperly screening out his valid inmate grievance.

25

26

27

28

---

[1] Only allegations relating to the remaining claim are relevant.

3

1    **D.**     **DISCUSSION**

2       Defendant contends that Plaintiff failed to property exhaust his administrative remedies by

3 repeatedly failing to comply with instructions to submit a *completed* CDCR 22 Form (an Inmate

4 Request for Interview) with his inmate appeal.

5       Plaintiff concedes in his complaint, as well as in his opposition, that he did not appeal his

6 grievance to the highest level.  However, he contends that he did not do so because Officer Borrero, an

7 appeals coordinator at KVSP, falsely screened out his appeal to prevent exhaustion.

8       According to documentation submitted by Plaintiff and Defendant's declarations, Plaintiff

9 submitted his inmate appeal regarding the retaliation issue on November 28, 2011.  Compl. 23-24;

10 Tallerico Decl. ¶ 8.[2]  As supporting documentation, Plaintiff referenced a CDCR 22.  Compl. 29.

11       The appeal was screened out on December 7, 2011, by Officer Borrero.  Compl. 22; Tallerico

12 Decl. ¶ 8.  Borrero explained to Plaintiff that the appeal was returned because it was missing necessary

13 documentation.  Specifically, Borrero instructed Plaintiff to "[a]ttach a completed CDCR 22 showing

14 you have exhausted the CDCR 22 process."  Compl. 22; Tallerico Decl. ¶ 8.

15       Plaintiff believes that this was an improper screen-out because he did in fact submit a CDCR

16 22.  The CDCR 22 form, however, dated November 17, 2011, and addressed to Defendant Garcia, was

17 blank in "Section B: Staff Response" and "Section C: Request for Supervisor Review."  In other

18 words, although Plaintiff stated the reason for the requested interview in Section A, he did not receive

19 a response.  Compl. 29; Tallerico Decl. ¶ 9.

20       The December 7, 2011, screen out was therefore correct.  Although Plaintiff had submitted a

21 CDCR 22, it was not complete because he did not receive a staff response.  The applicable regulation

22 permits an appeals coordinator to reject an appeal until the inmate has completed the CDCR 22 form.

23 Cal. Code Regs., tit. 15, § 3086(e)(2).  Plaintiff had thirty (30) days from the December 7, 2011, letter

24 to correct the deficiency.  Cal. Code Regs., tit. 15, § 3084.6(a)(2).  He did not do so.  Accordingly,

25

26 [2] Plaintiff objects to the declarations of S. Tallerico and J.D. Lozano, submitted in support of Defendant's motion, because they "have nothing to do with this case." Opp'n 2.  Contrary to Plaintiff's belief, S. Tallerico and J.D. Lozano are involved with the appeals process and have personal knowledge of the facts relating to Plaintiff's exhaustion.  Plaintiff also

27 questions why Defendant did not submit the declarations of K. Harrington and E. Borrero, but Plaintiff's evaluation of the evidence is not determinative, nor does it render the submitted evidence less conclusive.  The Court also notes that K.

28 Harrington and E. Borrero were dismissed from this action at the screening stage.

1    Defendants have met their burden as the moving party by demonstrating the absence of any evidence

2    that complete exhaustion occurred prior to the initiation of this action.  Wyatt, 315 F.3d at 1119.

3            The burden therefore shifts to Plaintiff to produce evidence demonstrating either exhaustion or

4    the existence of circumstances excusing exhaustion.  Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir.

5    2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

6            Plaintiff suggests in his opposition that because he did not receive a response to the CDCR 22,

7    he could not exhaust any further and the appeal should have been accepted at the First Level.  He

8    ignores, however, the fact that he was specifically instructed on how to remedy the appeal but did not

9    follow the instructions.  Instead, Plaintiff submitted a second appeal dated December 8, 2011.  Compl.

10   20; Tallerico ¶ 12.  The appeal was construed as a duplicate of the November 28, 2011, appeal because

11   its intention was to have the prior appeal processed.  The appeal was therefore screened out as a

12   duplicate on December 14, 2011.[3]  The December 14, 2011, letter again instructed Plaintiff to utilize

13   the CDCR 22 process and complete a CDCR 22 form.  Compl. 25; Tallerico Decl. ¶¶ 12-13.

14           Plaintiff again disregarded the instructions and filed a second duplicate appeal on December

15   22, 2011.  Compl. 19; Tallerico Decl. ¶ 14.  The appeal was screened out as a duplicate on December

16   28, 2011.  The letter again instructed Plaintiff that he "need[ed] to utilize the CDCR 22 process" and

17   "[c]omplete a 22. . ."  Compl. 19.  The letter warned that Plaintiff needed to follow instructions if he

18   wanted his November 28, 2011, appeal processed, and that if he continued to ignore directions, his

19   appeal would be cancelled.  Compl. 19; Tallerico Decl. ¶ 14.

20           Again ignoring instructions, Plaintiff filed a third appeal on January 11, 2012.  Tallerico Decl.

21   ¶ 15.  The appeal was screened out by letter dated January 17, 2012.  The letter explained that Plaintiff

22   was not permitted to appeal a screen-out, and directed Plaintiff to comply with the directions on each

23   of the prior screen-out letters.  Tallerico Decl. ¶ 15.

24           The evidence therefore shows that, despite Plaintiff's claim that he did not receive a response

25   to the CDCR 22 and thus could not comply with the instructions, he had ample time and numerous

26

27   [3] To the extent that Plaintiff contends that this appeal was not a duplicate and stood on its own, his argument is without
     merit.  The December 7, 2011, letter specifically stated that Plaintiff could not appeal a rejected appeal, but should instead
28   take the corrected action specified and resubmit the appeal.  Compl. 22.

1    opportunities to correct the deficiency.  The evidence also shows that Plaintiff, after not receiving a

2    response, could have complied by simply completing "Section C: Request for Supervisor Review" of

3    the CDCR 22 form and resubmitting his appeal.  Garcia Decl. ¶ 8.  Section C would have permitted

4    Plaintiff to bypass Defendant Garcia and continue on with the CDCR 22 form.  Garcia Decl. ¶ 8.

5    Plaintiff did not do so.[4]

6          Plaintiff's contention that he was diligent in attempting to exhaust is weakened by his

7    statement in his December 8, 2011, appeal.  After receiving the first screen out with instructions to

8    submit a *completed* CDCR 22 form, Plaintiff argued that "nothing in the [DOM] or title 15 states that I

9    must first file a (CDCR) inmate request form."  Compl. 21.[5]

10         Based on the above, the Court finds that Plaintiff was given numerous opportunities to correct

11   the deficiency but failed to do so.  Plaintiff has not explained this failure.  The Court therefore finds

12   that Plaintiff has failed to carry his burden and that this claim is unexhausted.

13   **E.      CONCLUSION AND RECOMMENDATION**

14         Based on the foregoing, it is HEREBY RECOMMENDED that:

15         1.      Defendant's Motion to Dismiss, filed October 2, 2013, be GRANTED; and

16         2.      This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust.

17         These Findings and Recommendations will be submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days**

19   after being served with these Findings and Recommendations, the parties may file written objections

20   with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

21   Recommendations."  A party may respond to another party's objections by filing a response within

22

23   [4] There is a dispute as to whether Defendant Garcia ever received the CDCR 22 form.  This is irrelevant, however, because

24   Plaintiff had additional remedies even assuming that Garcia did not receive the form.

25   [5]  Plaintiff does not argue in his opposition that his screen-out was improper on this basis.  Nonetheless, the Court notes
     that at least one other court has found the requirement reasonable.  "Although CDCR's new Form 22 appears to accord

26   substantial discretion to prison officials to decide whether to require a prisoner to complete the Form 22 process before
     accepting a related Form 602 appeal, such discretion appears to be authorized by the Department's regulations. It is

27   reasonable to require that a prisoner seeking to challenge this discretion demonstrate compliance, or at least a good faith
     attempt to comply, with the authorized exhaustion requirements before bringing the challenge to federal court on the

28   ground that administrative remedies were 'effectively unavailable.'"  Coleman v. Hubbard, 2012 WL 3038571, *10 (E.D.
     Cal. 2012).

1    **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised

2    that failure to file objections within the specified time may waive the right to appeal the District

3    Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

4

5    IT IS SO ORDERED.

6        Dated:    **January 8, 2014**                        /s/ *Dennis L. Beck*

7                                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28