# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL DUKES, | Case No. 1:12-cv-00941 LJO DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION TO VACATE DISCOVERY AND SCHEDULING ORDER |
| v. | (Document 55) |
| GARCIA, | ORDER VACATING DISCOVERY AND SCHEDULING ORDER |
| Defendant. | (Document 54) |

Plaintiff Darnell Dukes ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 24, 2014, the Court granted Defendant's motion to dismiss based on exhaustion and entered judgment. Plaintiff appealed the dismissal, and on August 19, 2014, the Ninth Circuit Court of Appeals remanded the action pursuant to the new procedures set forth in Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).

On September 12, 2014, the Court vacated the judgment and ordered Defendant to file a response to the complaint.

On October 15, 2014, Defendant filed a motion for summary judgment based on exhaustion.

1

1  Pursuant to Court order, Defendant filed an answer on October 24, 2014. As is the custom in
2  prisoner civil rights actions, the Court then issued a Discovery and Scheduling Order opening
3  discovery.
4  On October 28, 2014, Defendant filed an ex parte application to vacate the Discovery and
5  Scheduling Order.

## **DISCUSSION**

7  A scheduling order "may be modified only for good cause," and by leave of court. Fed. R.
8  Civ. P. 16(b)(4). The Court has broad discretion to control the course of litigation under Fed. R. Civ.
9  P. 16. Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012).
10  Here, the Court finds that good cause exists to vacate the scheduling order. Unlike most
11 prisoner actions remanded by the Ninth Circuit, this action was remanded solely on procedural
12 grounds. The Ninth Circuit did not address the merits of the underlying exhaustion issue, but rather
13 remanded in light of the new procedure for deciding exhaustion set forth in Albino.
14  Defendant has now filed his motion for summary judgment based on exhaustion. While the
15 procedure for raising the issue has changed, Defendant's motion sets forth the same arguments, and
16 is supported by the same evidence, as the prior motion to dismiss.
17  Given the procedural posture of this action, good cause exists to vacate the opening of
18 merits-based discovery. Albino, 747 F.3d at 1170 ("If discovery is appropriate, the district court
19 may in its discretion limit discovery to evidence concerning exhaustion, leaving until later-if it
20 becomes necessary-discovery directed to the merits of the suit.").
21  Accordingly, the Court GRANTS Defendant's request and VACATES the Discovery and
22 Scheduling Order.
23  If Plaintiff believes that discovery related to exhaustion is necessary, he must file a request
24 pursuant to Rule 56(d) within thirty days (30) days of the date of service of this order. Otherwise,
25 ///
26 ///
27 ///
28 ///

Plaintiff must file his opposition to Defendant's motion for summary judgment within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated: __October 29, 2014__          /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE

3