UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL DUKES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GARCIA,<br><br>　　　　Defendant. | Case No.: 1:12cv00941 LJO DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST<br>(Document 51)<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Darnell Dukes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on June 11, 2012. This action is proceeding on a First Amendment retaliation claim against Defendant Garcia. All other claims and Defendants have been dismissed.

**A.    PROCEDURAL HISTORY**

On October 2, 2013, Defendant filed an unenumerated Rule 12(b) motion to dismiss based on exhaustion. The Court issued Findings and Recommendations that the motion be granted on January 8, 2014, and the findings were adopted on February 24, 2014.

Plaintiff appealed the dismissal on March 24, 2014.

On August 19, 2014, the Ninth Circuit remanded the action "for further proceedings in light of the intervening authority of Albino v. Baca." ECF No. 45, at 2. The Court made no substantive findings.

Pursuant to the order of remand, the Court vacated the judgment on September 12, 2014.

1

On October 15, 2014, Defendant filed the instant motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. After receiving an extension of time, Plaintiff opposed the motion on December 18, 2014. Defendant filed his reply on December 30, 2014. The motion was deemed submitted when Defendant filed his reply pursuant to Local Rule 230(l).

On January 26, 2015, Plaintiff submitted an unauthorized surreply.[1]

**B.      PLAINTIFF'S ALLEGATIONS[2]**

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP"), where the events at issue occurred.

Plaintiff alleges that in June 2010, while he was housed at California State Prison, Los Angeles County ("CSP-LAC"), he received a false Rules Violation Report ("RVR"). The RVR resulted in his transfer to KVSP, which Plaintiff contends is a much harsher environment than CSP-LAC.

Plaintiff arrived at KVSP in April 2011. Shortly thereafter, he received an order from the Chief Inmate Appeals Office dated June 16, 2011. The order requested that Plaintiff forward a copy of his general chrono and classification chrono. To obtain the documents, Plaintiff sent an "inmate request for interview" to Defendant Garcia, his assigned counselor. Plaintiff had staff sign and date the request and deliver it to Defendant Garcia. Defendant Garcia did not respond or send Plaintiff the documents. Plaintiff therefore filed an inmate grievance against him.

Plaintiff alleges that on October 18, 2011, Defendant Garcia came to his cell and yelled, "Here's your shit, don't fuck with me anymore." ECF No. 1, at 6.

On October 29, 2011, Plaintiff had a rehearing on the June 2010 RVR. The RVR was dismissed. Plaintiff informed Defendant Garcia of the program review changes that he was now entitled to through an "inmate request for interview" dated November 17, 2011. The form indicates that staff hand-delivered it to Defendant Garcia on November 17, 2011. Plaintiff states that staff signed and dated the document and delivered it to Defendant Garcia.

---

[1] Defendant did not move to strike the filing.

[2] Only allegations relating to the remaining claim are relevant

2

On November 28, 2011, Plaintiff filed another inmate grievance against Defendant Garcia. Plaintiff believed that he no longer fit the criteria for incarceration at KVSP, and he alleges that Defendant Garcia retaliated against him by failing to take him to the Institutional Classification Committee ("ICC") for program review and potential transfer.

Plaintiff alleges that Officer Borrero acted in concert with Defendant Garcia in retaliating against him by improperly screening out his valid inmate grievance.

## C. LEGAL STANDARD

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Defendant bears the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If Defendant carries his burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## D. APPEALS PROCESS

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to

3

filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

To exhaust available remedies during the relevant time period, an inmate must proceed through three formal levels of review unless otherwise excused under the regulations.  Cal. Code Regs. tit. 15, § 3084.5.  The appeal must be submitted within thirty calendar days of (1) the occurrence of the event being appealed; (2) upon first having knowledge of the event; or (3) upon receiving an unsatisfactory departmental response to an appeal.  Cal. Code Regs. tit., § 3084.8(b).  An inmate is not required to seek resolution at the informal level, but they must continue to secure review at all three formal levels of review, culminating in a third-level decision.[3]  Cal. Code Regs. tit. 15, § 3084.7

### E.      UNDISPUTED FACTS[4]

Based on Plaintiff's concession in his complaint, as well as in his opposition, it is undisputed that he did not appeal his grievance to the highest level.  ECF No. 1, 7-8.

Plaintiff filed a grievance in November 28, 2011, requesting that he be taken to ICC for a special program review.  The appeal alleged that Defendant Garcia was biased against Plaintiff because of prior appeals filed against him.  The appeal explained that Plaintiff attempted to resolve the issue informally with Defendant Garcia and references an "attached 'inmate request for interview.'"  ECF No. 1, at 23.

Plaintiff cites to a CDCR 22 (inmate request for interview) attached to his complaint.  The request form is addressed to Defendant Garcia and requests that he take Plaintiff back to ICC for "change in program."  ECF No. 1, at 29.  According to the form, "S. Lopez" received it on November 17, 2011.  There is a signature, and the form indicates that S. Lopez forwarded the request to C. Garcia on November 17, 2011.  It states that the method of delivery was "in person."  Section B ("Staff Response") and Section C ("Request for Supervisor Review") are blank.  ECF No. 1, at 29.

On December 7, 2011, Officer Borrero, an Appeals Coordinator, returned Plaintiff's documents and rejected the appeal, explaining that the appeal was "missing necessary supporting

---

[3] Prior to January 28, 2011, an inmate was required to present an appeal at the informal level of review.

[4] Defendant did not provide a separate statement of undisputed facts.  Nonetheless, the Court can easily discern the undisputed and disputed facts.

documents as established in CCR 3084.3." ECF No. 1, at 22; Tallerico Decl. ¶ 8. Specifically, Officer Borrero instructed Plaintiff to "attach a completed CDCR 22 showing you[] have exhausted the CDCR 22 process." ECF No. 1, at 22.

Plaintiff did not resubmit his appeal with the requested documentation. Rather, on December 8, 2011, Plaintiff submitted a second inmate appeal contending that the screen-out at the First Level was incorrect. ECF No. 1, at 21; Tallerico Decl. ¶ 12. In the appeal, Plaintiff noted that "there is nothing in the [DOM] or title 15 that states that I must first file a CDCR inmate request form." ECF No. 1, at 21; Tallerico Decl. ¶ 12.

The appeal was returned by Officer Borrero on December 14, 2011. ECF No. 1, at 25; Tallerico Decl. ¶13. The letter explained that Plaintiff's appeal was cancelled as a duplicate. Plaintiff was instructed to comply with the directive in the December 7, 2011, screen-out. The letter further states that Plaintiff must attempt to resolve the issue informally through the CDCR 22 process.[5] "Complete a CDCR 22 and hand deliver or mail to the staff member who is knowledgeable or is in the position to respond to your issue." ECF No. 1, at 25.

Plaintiff submitted another duplicate appeal on December 22, 2011. ECF No. 1, at 19; Tallerico Decl. ¶ 14. On December 28, 2011, Officer Borrero returned the documents and rejected the appeal because Plaintiff did not submit supporting documents. Plaintiff was instructed to complete a CDCR 22 and hand deliver or mail it to the staff member knowledgeable or in the position to respond to the issue. ECF No. 1, at 19; Tallerico Decl. ¶ 14. The letter warned Plaintiff to follow the instructions if he wanted his November 28, 2011, appeal processed; otherwise, the appeal would be cancelled. ECF No. 1, at 19; Tallerico Decl. ¶ 14.

Plaintiff submitted the appeal a third time on January 11, 2012. Tallerico Decl. ¶ 15. Officer Borrero screened out the appeal in a letter dated January 17, 2012, noting, "you are not permitted to appeal a screen-out." Tallerico Decl. ¶ 15. Plaintiff was again directed to follow the instructions and complete the CDCR 22 process. The letter stated, "If what you claim is true, forward the CDCR 22 to the counselor's supervisor." Tallerico Decl. ¶ 15.

---

[5] Officer Borrero cites Title 15 of the California Code of Regulations, section 3084.2(b). This section simply states that Plaintiff must submit the signed original appeal forms and supporting documents.

Plaintiff is familiar with the administrative appeals process in California's prisons.  Tallerico Decl. ¶ 16.

**F.    DISCUSSION**

Defendant contends that Plaintiff failed to property exhaust his administrative remedies by repeatedly failing to comply with instructions to submit a completed CDCR 22 with his appeal. Indeed, it is undisputed that Plaintiff did not file his appeal to the highest level of review, and even though he was offered numerous opportunities to correct the deficiency, he failed to do so.  Defendant has therefore carried his burden of proving that there was an available administrative remedy, and that Plaintiff did not exhaust that available remedy.

The burden now shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Albino, 747 F.3d at 1172.  Plaintiff mainly argues that Officer Borrero falsely screened out his appeal to prevent exhaustion.

To determine whether the screen-out was proper, an examination of the CDCR 22 that Plaintiff submitted is necessary.  As explained above, it is undisputed that Plaintiff was instructed in the first screen-out to submit a *completed* CDCR 22.  As a matter of law, an appeals coordinator can properly reject an appeal when an inmate seeks a written response to a request for interview, but has not yet received the response at the time of filing the appeal.  Cal. Code Regs. tit. 15, § 3086(e)(2).  In this case, a response to the request for interview was necessary so that reviewing staff had a response to act upon.  Tallerico Decl. ¶¶ 9-10.  This is not disputed.[6]

Plaintiff argues, however, that because he did not receive a response to the CDCR 22, he could not exhaust any further and the appeal should have been accepted at the First Level.  ECF No. 59, at 2. Defendant disputes this, arguing that Plaintiff should have completed Section C ("Request for

---

[6] Under the regulations in place after January 2011, an inmate was no longer required to seek resolution at the informal level prior to filing an appeal, and Officer Borrero's screen-out was not based Plaintiff's general failure to request informal resolution.  In this instance, Plaintiff was seeking to have the appeals staff act upon Defendant Garcia's apparent refusal to take him back to ICC, which makes having Defendant Garcia's response (or that of his supervisor), i.e., a *completed* form 22, a necessary prerequisite.

1  Supervisor Review") if he did not receive a response from Defendant Garcia.  Defendant explains that
2  receiving a response to Section C would have completed the CRCR 22.
3         It is undisputed that Section B ("Staff Response") and Section C ("Request for Supervisor
4  Review") of the form are blank.  ECF No. 1, at 29.  Section B would have been where Defendant
5  Garcia provided his response.  Section C permits the inmate to request review from a supervisor where
6  he disagrees with the staff response.  Indeed, pursuant to section 3086(g), "if an inmate is dissatisfied
7  with or disagrees with the staff member's response," he or she may submit the request to the
8  employee's supervisor.  Tallerico Decl. ¶ 11.  According to Defendant, upon the submission of the
9  CDCR 22, the inmate keeps the original and the goldenrod copy.
10        Plaintiff attempts to dispute this by arguing that if he does not receive a response from staff, he
11 "can't exhaust the CDCR 22 form. . ."  ECF No. 60, at 3.  To support his argument, Plaintiff contends
12 that Defendant is deceiving the Court by "acting as if the CDCR 22 form is a one page document
13 which in reality it's a four (4) page document. . ."  ECF No. 60, at 3.  Plaintiff's argument, however,
14 does not dispute the fact that he was required to complete Section C to complete the CDCR 22.
15 Defendant is not arguing that the document is four pages and that each page requires a different action.
16 Rather, both parties are correct that the form consists of an original and three copies.
17        If Plaintiff is suggesting that he only had the original copy and could not submit anything to
18 the supervisor, he does not support his argument.  Plaintiff points to Exhibit A to his opposition, which
19 is a blank CDCR 22.  Plaintiff highlights the bottom of the form, which states, "Distribution: Original-
20 Return to Inmate/Parolee; Canary- Inmate/Parolee 2nd Copy; Pink- Staff Members Copy; Goldenrod-
21 Inmate/Parolee's 1st Copy."  ECF No. 60, at 8.  Plaintiff's evidence therefore belies any such
22 argument.
23        Plaintiff repeats this argument in his surreply, arguing that he was "denied the right" to exhaust
24 his CDCR 22.  ECF No. 62, at 2.  He states that he did his best to comply with the rules and disagrees
25 with Defendant's contention that he could have bypassed Defendant Garcia by completing Section C.
26 "[T]here is no way possible that plaintiff could complete or go to the next level only with his first copy
27 receipt that is on file with this court."  ECF No. 3, at 6.  Even if, for some reason, Plaintiff did not
28 have the copies that he should have received when he submitted the CDCR 22 to Officer Lopez, he

could have explained why he could not have completed the form when he resubmitted his appeal. He did not do so and instead continued to submit duplicate appeals. Thus, <u>Sapp v. Kimbrell</u>, 623 F.3d 813 (9th Cir. 2010), cited by Plaintiff, is inapplicable because the screen-out was proper in the first instance.

It is therefore undisputed that Plaintiff was instructed to complete the CDCR 22 form, and that he could have done so by completing Section C and submitting it to Defendant Garcia's supervisor. It is also undisputed that Plaintiff was instructed *four* times to complete the form. Instead, Plaintiff disregarded the instructions and continued to submit duplicate appeals. Plaintiff did not raise the issue of his alleged inability to complete the CDCR 22 to the appeals staff.

To the extent that the parties' dispute whether Defendant Garcia received the appeal, the dispute is irrelevant. In his declaration, Defendant Garcia states that he does not recall receiving the CDCR 22, even though his first initial and last name appear on the document. Defendant Garcia states that he did not sign the form, and that it appears that Officer Lopez filled out Defendant Garcia's name, "indicating he left the document for [him]." Garcia Decl. ¶¶ 5-6. Plaintiff disputes this, calling it "laughable because once the plaintiff received his signed and dated copy of the CDCR 22 form it became a legal document. . ." EFC No. 60, at 3.

Again, however, regardless of whether Defendant Garcia actually received the form, Plaintiff should have filled out Section C to complete the form. If Defendant Garcia did receive it and simply ignored it, Plaintiff could have completed Section C. Likewise, if Defendant Garcia did not receive the form and thus did not respond, Plaintiff could have completed Section C.

Based on the above, the Court finds that Plaintiff was given numerous opportunities to correct the deficiency but failed to do so. Plaintiff has therefore failed to carry his burden and his claim is unexhausted.

### G.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     Defendant's motion to dismiss, filed October 15, 2014, be GRANTED; and

2.     This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **March 11, 2015**                    /s/ Dennis L. Beck
                                                                              UNITED STATES MAGISTRATE JUDGE